FILED

2018 Feb-07  PM 06:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT C

**[DRAFT; SUBJECT TO FRE 408]**
**CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

This Confidential Settlement Agreement and Release (the "Agreement") is made and entered into this ___ day of ___ 2017 (the "Execution Date") by and between the Town of Harpersville ("Harpersville"); Judicial Correction Services, LLC f/k/a Judicial Correction Services, Inc., and CHC Companies, LLC f/k/a CHC Companies, Inc. (herein collectively referred to as the "JCS Defendants"); and Dana Carden, Wendell Threatt, Andre Brown, and Antonio Cook (the "Plaintiffs"). Harpersville, the JCS Defendants, and Plaintiffs are referred to collectively herein as the "Parties" and each as a "Party." This Agreement is based, in part, on the following recitals:

**RECITALS**

WHEREAS, the Plaintiff represented by Plaintiffs' Counsel named in the action styled *Dana Carden v. The Town of Harpersville, et al.*, Case No. 2:15-01381-RDP (the "*Carden* Action"), has alleged various claims against Harpersville and the JCS Defendants;

WHEREAS, the Plaintiff named in the *Carden* Action sought to represent a class of similarly-situated individuals;

WHEREAS, Plaintiffs' Counsel represent additional Plaintiffs, and Plaintiffs' Counsel have advised they would attempt to join these additional Plaintiffs in the *Carden* Action, or commence new actions on behalf of these additional Plaintiffs, in the absence of this Agreement;

WHEREAS, Harpersville and the JCS Defendants deny the allegations asserted against them in the *Carden* Action, and contest all liability whatsoever with respect to any and all claims asserted against them;

WHEREAS, in the interest of avoiding costly and time-consuming litigation, the Parties desire to fully and completely settle and resolve any and all causes of action, claims, and damages, including attorneys' fees, whether known or unknown, foreseen or unforeseen, concerning the facts alleged in the *Carden* Action, or which could be alleged by any other of the Plaintiffs represented by Plaintiffs' Counsel in any separate or new actions by them and against Harpersville and the JCS Defendants;

WHEREAS, based on information obtained by Plaintiffs from Harpersville and the JCS Defendants, the investigation conducted by Plaintiffs' Counsel into the facts and relevant legal issues, as well as the various defenses Harpersville and the JCS Defendants have raised in the *Carden* Action, Plaintiffs believe that settlement under the terms outlined herein is the best course of action for an efficient resolution of their claims against Harpersville and the JCS Defendants;

WHEREAS, in consideration of all the circumstances and after arm's-length negotiations between counsel, the Parties desire to settle Plaintiffs' claims finally on the terms and conditions herein set forth for the purposes of avoiding the burden, expense, and uncertainty of litigation,

and putting to rest the controversies engendered by the possible actions and issues within the scope of the releases set forth below;

NOW, THEREFORE, in consideration of the foregoing premises and of the mutual covenants, terms, and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, do hereby mutually covenant and agree as follows:

**1.     Settlement Amount.** Subject to satisfaction of the conditions expressed in Paragraph 2, the Parties agree to settle Plaintiffs' claims for the total sum of $90,000 (the "Settlement Amount") allocated as follows: (a) $32,000 to be paid to Ms. Dana Carden; (b) $9,000 to be paid to Mr. Wendell Threatt; (c) $12,500 to be paid to Mr. Andre Brown; (d) $6,500 to be paid to Mr. Antonio Cook; and (e) $30,000 to be paid to Plaintiffs' Counsel as costs and attorneys' fees associated with the *Carden* Action and any other work in connection with claims of these four persons arising out of events connected to Harpersville.

Plaintiffs understand and agree that the Settlement Amount constitutes consideration for the resolution of any and all claims which the Plaintiffs could make against Harpersville or the JCS Defendants, including but not limited to those relating to the claims asserted and facts alleged in the *Carden* Action, or which could be asserted or alleged in separate actions, and for any and all claims for attorneys' fees and costs incurred by Plaintiffs and Plaintiffs' Counsel in connection with or in any way related to the facts, circumstances, and claims alleged in the *Carden* Action or arising out of events connected to Harpersville for such Plaintiffs, and that once paid by Harpersville and the JCS Defendants, Harpersville and the JCS Defendants shall have no further obligation to Plaintiffs or any of their counsel apart from any obligations that arise under this Agreement. The Parties acknowledge that the Settlement Amount is not punitive, but is solely in regards to Plaintiffs' claims for alleged damages.

**2.     Conditions of Settlement.** Plaintiffs' right to receive the Settlement Amount shall become effective only if this Agreement is executed by each of the Plaintiffs.

**3.     Payment Structure.** Within fifteen (15) business days after each of the Plaintiffs have executed this Agreement and provided the executed agreements to counsel for Harpersville and the JCS Defendants, Harpersville shall issue one check payable to Plaintiffs' Counsel in the amount of Forty-five Thousand dollars ($45,000.00), and the JCS Defendants shall issue one check payable to Plaintiffs' Counsel in the amount of Forty-Five Thousand ($45,000).

**4.     Voluntary Dismissal and Release of Liability.**

a.     Within seven (7) business days of the execution by all Parties of this Agreement, Plaintiffs' Counsel will file a stipulation for voluntary dismissal with prejudice of the *Carden* Action, with each party to bear its own costs to the extent which they are not provided for in this Settlement Agreement. The complete dismissal with prejudice of the *Carden* Action is a material term of this Settlement Agreement and is a requirement for payment of the amount above.

      b.     Upon the satisfaction of Paragraph 3 and in consideration of payment of the Settlement Amount and the terms stated herein, Plaintiffs, on their own behalf and on behalf of any attorneys, and all persons acting by, through, under, or in concert with Plaintiffs, and any person who could now or hereafter assert a claim in Plaintiffs' name or on Plaintiffs' behalf, hereby fully release, exonerate, and forever and unconditionally discharge Harpersville and the JCS Defendants, together with all divisions, affiliates, parent corporations, sister corporations, subsidiary corporations, transferees, assignees, predecessors, and successors, and all officers, directors, shareholders, employees, attorneys, agents, representatives, administrators, executors, and insurers, from any and all claims, liabilities, demands, actions, suits, debts, damages, attorneys' fees and costs, losses, claims for payment of unpaid fees, requests for indemnity, remedies of any kind, and/or causes of action. This is a general release and includes, but is not limited to those claims that have been brought or could have been brought, are currently pending or were pending, or are ever brought in the future, arising out of or related in any way to the facts, circumstances, and claims alleged in the *Carden* Action and/or relating to the underlying facts which were alleged or could have been alleged in the *Carden* Action, in any forum, whether known or unknown, disclosed or undisclosed, asserted or unasserted, under or pursuant to any agreement, statute, regulation, common law, or equity (collectively, the "Released Claims").

      c.     The Parties intend that the execution and performance of this Agreement shall, as provided above, be effective as a full and final settlement of, and as a bar to, the Released Claims. The Parties agree that if they hereafter discover facts different from or in addition to the facts that they now know or believe to be true with respect to the subject matter underlying the *Carden* Action, it is nevertheless their intent hereby to settle and release fully and finally the Released Claims. In furtherance of such intention, the release shall be and will remain in effect as a release notwithstanding the discovery of any such different or additional facts.

      d.     With respect to any and all Released Claims, the Parties stipulate and agree that the release in Paragraph 4.b. shall be construed in the broadest sense possible and shall be effective as a prohibition to all Released Claims.

    **5.**    **No Admission of Liability.** This Agreement is entered into only by way of compromise and settlement to avoid the expense of litigation. The Parties expressly agree that this Agreement is merely intended to avoid costly and protracted litigation and is not an admission of liability or fault. It is expressly understood and agreed that the Parties do not admit, expressly or impliedly, to any allegation in the *Carden* Action, or to any liability of any type or nature.

    **6.**    **Confidentiality.**

    a.   Plaintiffs, their counsel, and each of their respective spouses, families, successors, assigns, agents, servants, heirs, executors, administrators, representatives, insurers, employees, beneficiaries, and all persons acting by, through, under, or in concert with Plaintiffs, represent and warrant to the other Parties that they have

kept and shall keep the terms of this Agreement, including the Settlement Amount, and the negotiations leading to its execution confidential ("Confidential Information").

b. If Plaintiffs or their counsel are served with a subpoena, discovery request, or other similar legal instrument that could potentially lead to disclosure of Confidential Information, they shall notify the other Parties within five (5) business days of becoming aware of such request; provided, however, that notice must be provided within two (2) business days of when a party becomes aware of such request if the response to the request is due in two weeks or less. Plaintiffs (through their counsel) will reasonably cooperate with Harpersville and the JCS Defendants (through their counsel), if requested, in resisting their disclosure of Confidential Information through all lawful means.

c. Notwithstanding the foregoing, the Plaintiffs shall have the limited right to disclose this Agreement and its terms: (1) to their counsel; (2) to their accountant, auditor, and/or actuary; (3) to state and federal tax authorities; or (4) pursuant to any court order or requirement by law.

    i. If any such disclosure is made under (c)(2) of the foregoing, the disclosing party shall inform the recipient that confidentiality is a material term of this Agreement, and that they shall not disclose any Confidential Information to anyone else.

    ii. If any such disclosure is made under (c)(4) of the foregoing, all other Parties must be notified within two (2) business days of becoming aware of any such requirement to disclose.

Notice to Harpersville shall be sent to:

        Balch & Bingham LLP
        Attention: W.H. Tankersley
        1901 6th Avenue North
        Suite 1500
        Birmingham, AL, 35203
        Phone: 205-226-3424
        E-mail: wht@balch.com

Notice to the JCS Defendants shall be sent to:

        Wallace, Jordan, Ratliff & Brandt, LLC
        Attention: Larry S. Logsdon
        800 Shades Creek Parkway
        Suite 400
        Birmingham, AL  35209
        Phone: (205) 874-0341
        E-mail: llogsdon@wallacejordan.com

4

d.  Any disclosure of Confidential Information by Plaintiffs, except pursuant to the circumstances stated in Paragraph 6(c) herein, shall constitute a breach of this Agreement. In the event of such breach by Plaintiffs or Plaintiffs' Counsel, Harpersville and/or the JCS Defendants shall be entitled to pursue all remedies and damages available at law or in equity, and/or immediate injunctive relief in a court of competent jurisdiction.

e.  All other provisions of this Agreement, including without limitation the Release provision, shall remain in full force and effect notwithstanding any breach under this Paragraph 6.

7.   **No Filing.** The Parties agree that this Agreement will not and need not be filed in the *Carden* Action or in any other court for judicial approval.

8.   **No Public Statements.** Neither Plaintiffs nor Plaintiffs' Counsel shall make any announcement to the general public concerning this Agreement or its terms. Plaintiffs' Counsel shall not refer to or describe this Agreement, the *Carden* Action, the claims asserted therein, or any of the Released Claims on any website or print media, except for any publicly available information about the *Carden* Action.

9.   **Non-Disparagement.** Plaintiffs agree not to make any statement related to Harpersville and/or the JCS Defendants, the *Carden* Action, the claims asserted therein, or this Agreement, written or verbal, either directly or knowingly through their agents, representatives, and affiliates, to any person or entity, that is reasonably likely to be harmful to Harpersville and/or the JCS Defendants or to be injurious to the goodwill, reputation, or business standing of Harpersville and the JCS Defendants; provided, however, that this non-disparagement clause shall not preclude Plaintiffs or their agents or representatives from any good faith response to any inquiries under oath or in response to governmental inquiry or to statements made in the course of legal proceedings.

10.   **Other Claimants and Claims.** Plaintiffs' Counsel represents that, as of the Effective Date of this Agreement, they do not represent any other clients with respect to actual or potential claims against Harpersville and/or the JCS Defendants regarding events connected to the Town of Harpersville, the *Carden* Action, or any claims asserted or which may have been asserted therein, and that they currently have no intention to solicit or recruit any clients to pursue such claims related to the facts alleged or claims asserted in the *Carden* Action, or to file or participate in any other lawsuits against Harpersville and/or the JCS Defendants related to either the facts alleged or claims asserted in the *Carden* Action or the probationary process involving the JCS Defendants and utilized by Harpersville.

11.   **Successors and Assigns.** This Agreement is and shall be binding upon each of the Parties' respective divisions, affiliates, parent corporations, sister corporations, subsidiary corporations, transferees, assignees, predecessors, and successors, and each of their respective officers, directors, shareholders, employees, agents, representatives, administrators, executors, and insurers.

12.     **Governing Law.** This Agreement shall in all respects be interpreted, construed, and governed by and in accordance with the laws of the State of Alabama, notwithstanding any conflicts of law rules or provisions that otherwise would require the application of the law of another jurisdiction.

13.     **Representations.**

a.   *Authority*.   The undersigned individuals executing this Agreement on behalf of themselves or their respective Parties or entities represent and warrant that (i) said individuals or entities have the legal capacity and full legal right, power, and authority to enter into and to execute this Agreement on behalf of such Parties, (ii) the appropriate corporate or other actions have been taken or appropriate consents have been obtained, (iii) no consent or approval of any other person or entity is necessary for such Party to enter into this agreement, (iv) their respective Parties have not assigned any of the claims released herein to any person or entity, (v) all terms of this Agreement are contractual and not a mere recital, and (vi) this Agreement is valid, binding, and enforceable on the Parties executing this Agreement. Plaintiffs' Counsel further represent and warrant that each of the Plaintiffs has the legal capacity and legal right and power to execute this Agreement on behalf of each Plaintiff.

b.   *Counsel and Free Will*. Each Party represents and warrants that it has been represented by, and has consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks and legal effects of this Agreement, has been given the opportunity to review independently this Agreement with such legal counsel and agrees to the particular language of the provisions herein, that each Party has had a reasonable amount of time in which to review and consider this Agreement, that each Party has read and understands all of the provisions herein, that each Party is competent to enter into this Agreement, and that each Party is entering into this Agreement knowingly and voluntarily of such Party's own free will. Each Party further represents that in executing this Agreement, such Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

14.     **No Party Considered Drafter.** The Parties agree that no Party shall be considered the drafter of this Agreement so as to give rise to any presumption or convention regarding construction of this document. Any controversy concerning the construction of this Agreement shall be decided neutrally without regard to authorship.

15.     **Entire Agreement.** This Agreement constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes and merges any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof, except for any written agreements between Harpersville or the JCS Defendants.

16.     **Severability.** In the event that any provision of this Agreement shall be found by any tribunal of competent jurisdiction to be illegal, void, or unenforceable and if such provision cannot be modified to be enforceable, such provision shall be of no force or effect, but such a

finding shall not render the remaining provisions illegal, void, or unenforceable, and all remaining provisions shall be observed and given effect by all of the Parties to the maximum degree possible.

   **17.** **No Waiver.** This Agreement shall not be subject to waiver, modification, or amendment unless by written instrument duly executed by all Parties. Waiver of a right under this Agreement shall not be deemed a waiver of any other right. Forbearance, temporary waiver, or other failure to enforce any right under this Agreement shall not constitute a permanent waiver.

   **18.** **No Assignment.** No Party may, unless with the prior written consent of the other Parties, assign, grant any security interest in, or otherwise transfer, in whole or in part, any of its rights and obligations under this Agreement. Any such assignment, grant of security, or transfer made in violation of the preceding sentence shall be null and void.

   **19.** **Headings.** Any headings contained herein are for informational purposes only and do not constitute a substantive part of the Agreement. In the event of a dispute concerning the terms and conditions of the Agreement, the headings shall be disregarded.

   **20.** **Counterparts.** This Agreement may be executed in counterparts, including by signatures transmitted electronically, by facsimile, or by e-mail (in PDF format), each of which shall be deemed an original, and all of which together shall constitute one and the same Agreement, which is effective as of the Execution Date.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK. SIGNATURE PAGES FOLLOW.]

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed on the dates set forth below.


THE EVANS LAW FIRM, COUNSEL FOR PLAINTIFFS

FOR THE FOLLOWING PLAINTIFF(S):

Ms. Dana Carden

Mr. Wendell Threat

Mr. Andre Brown

Mr. Antonio Cook


By:   _____        _____

        G. Daniel Evans                               Date

        Partner

BALCH & BINGHAM, LLP, COUNSEL FOR THE TOWN OF HARPERSVILLE

By: _____        _____

      Will Hill Tankersley                          Date

      Partner


By: _____        _____

      Gregory C. Cook                            Date

      Partner

WALLACE, JORDAN, RATLIFF & BRANDT, LLC, COUNSEL FOR JUDICIAL CORRECTION SERVICES, INC., AND CHC COMPANIES, INC.

By: _____        _____

       Larry S. Logsdon                                      Date
       Partner

**By signing this agreement, the undersigned specifically acknowledges that (s)he agrees to all terms of the Agreement, and further that:**

- **Confidentiality is a material term of the settlement;**

- **The terms of this agreement, <u>including the settlement amount</u>, and the negotiations leading to this agreement are STRICTLY CONFIDENTIAL and may not be disclosed except as set forth herein; and**

- **The Town of Harpersville, Judicial Correction Services, Inc., and/or CHC Companies, Inc. may pursue claims against me if Confidential Information is disclosed, as described in the Agreement.**


By: _____        _____

Signature                                                                    Date



_____

Printed Name (**Dana Carden**)

11

**By signing this agreement, the undersigned specifically acknowledges that (s)he agrees to all terms of the Agreement, and further that:**

- **Confidentiality is a material term of the settlement;**

- **The terms of this agreement, <u>including the settlement amount</u>, and the negotiations leading to this agreement are STRICTLY CONFIDENTIAL and may not be disclosed except as set forth herein; and**

- **The Town of Harpersville, Judicial Correction Services, Inc., and/or CHC Companies, Inc. may pursue claims against me if Confidential Information is disclosed, as described in the Agreement.**

By: _____          _____

Signature                                                              Date

_____

Printed Name (**Wendell Threatt)**

By: _____          _____

Signature                                                              Date

_____

Printed Name (**Bonnie Jean Threatt, mother of Wendell Threatt**)

As Guardian, on behalf of

**By signing this agreement, the undersigned specifically acknowledges that (s)he agrees to all terms of the Agreement, and further that:**

- **Confidentiality is a material term of the settlement;**

- **The terms of this agreement, <u>including the settlement amount</u>, and the negotiations leading to this agreement are STRICTLY CONFIDENTIAL and may not be disclosed except as set forth herein; and**

- **The Town of Harpersville, Judicial Correction Services, Inc., and/or CHC Companies, Inc. may pursue claims against me if Confidential Information is disclosed, as described in the Agreement.**


By: _____          _____

Signature                                                          Date


_____

Printed Name (**Andre Brown**)

**By signing this agreement, the undersigned specifically acknowledges that (s)he agrees to all terms of the Agreement, and further that:**

- **Confidentiality is a material term of the settlement;**

- **The terms of this agreement, <u>including the settlement amount</u>, and the negotiations leading to this agreement are STRICTLY CONFIDENTIAL and may not be disclosed except as set forth herein; and**

- **The Town of Harpersville, Judicial Correction Services, Inc., and/or CHC Companies, Inc. may pursue claims against me if Confidential Information is disclosed, as described in the Agreement.**

By: _____        _____
    Signature                               Date


    _____
    Printed Name (**Antonio Cook**)